**MARCO S. MARINELLO ASSOCIATES, INC., Petitioner, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent, Appellee.**

**No. 75–1487.**

United States Court of Appeals, First Circuit.

Argued April 5, 1976.

Decided May 14, 1976.

Cornelius J. Moriarty, Jr., Holyoke, Mass., with whom Paul T. Smith, Boston, Mass., and Ely, King, Corcoran, Milstein & Moriar-

---

148

ty, Holyoke, Mass., were on brief, for appellant.

J. Ross MacBeth, Atty., Tax Div., Dept. of Justice, with whom Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, and Meyer Rothwacks, Attys., Tax Div., Dept. of Justice, Washington, D. C., were on brief, for appellee.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

The case is affirmed on the basis of Judge Tannenwald's opinion in the Tax Court. Appellant's efforts to avoid the application of the "claim of right" doctrine are unpersuasive. He clearly realized gain upon receipt of the $281,000, and it is admitted that he did not reinvest the contested amount in replacement property within such time as to qualify for nonrecognition under 26 U.S.C. § 1033(a)(3). Furthermore, we are not able to say that the Commissioner's rejection of appellant's application under 26 C.F.R. § 1.1033(a)–2 was arbitrary or capricious. Not only was the attempt to demonstrate "reasonable cause" sparse and conclusory; but, quite apart from the cause for the delay, the Commissioner was within his rights in ruling that 31 months after the deadline was not a reasonable time. Appellant appears from the record to have acted in complete good faith, and presented, as the Tax Court fully recognized, a sympathetic case which might well have persuaded another Commissioner. Yet, while we might look on his decision as according excessive weight to technicalities, we can recognize as well that the administration of the ever more complex federal tax laws requires resort at some point to hard and fast rules; those who fail to take care to assure their compliance with those rules must, it appears, do so at their peril. In this case the law plainly stated that the relevant period was that in which "any part of the gain upon the conversion is realized." Section 1033(a)(3)(B)(i).

*Affirmed.*